O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MELVIN DUKES,                          )   Case No. CV 11-10140-CJC (DTB)
                                       )
                    Petitioner,        )
           vs.                         )   ORDER RE SUMMARY DISMISSAL
                                       )   OF ACTION
WARDEN CASH, et al.,                   )
                                       )
                    Respondents.       )
                                       )

Petitioner, a California state prisoner currently incarcerated at California State Prison in Lancaster, California ("CSP-Lancaster"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein on December 7, 2011.

From the face of the Petition, it appears that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner claim that he is being "harassed" by prison personnel who are alleged to be implementing a policy whereby certain "mental health" prisoners, including plaintiff, are moved from one cell to another. When an inmate refuses to move, prison officials respond with "excessive force and violence." (Pet. at 3.) Petitioner further alleges that prison medical staff do not "fully disclose" the injuries resulting from such incidents. (Id.)

Petitioner further recounts a specific incident in which petitioner alleges he refused to move to a new cell in a different building and, as a result of his refusal, he

1

1    was assaulted and sustained significant injuries. (Pet. at 4-5.) Petitioner alleges that
2    after he sustained injury at the hands of various prison guards, prison medical
3    personnel were deliberately indifferent to his serious medical needs. (Pet. at 5-6.)

4    Petitioner also alleges that prison officials are not complying with state law
5    regarding rules violations. Petitioner also appears to allege that such conduct is
6    motivated, in part, by racial bias. (Pet. at 3-4.)

7    Petitioner alleges that he improperly received a CDC 115 rules violation for
8    refusing a new cell mate. (Pet. at 7-9.)

9    Claims such as these which challenge the conditions, rather than the duration,
10   of petitioner's confinement may not properly be asserted in a habeas petition, or as
11   part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411
12   U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must
13   be asserted in a separate civil rights action.

14   The Court does have discretion to construe petitioner's habeas petition as a civil
15   rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30
16   L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However,
17   in this instance, the Court chooses not to exercise such discretion for the following
18   reasons:

19   First, petitioner has failed to make an adequate showing of indigency. The
20   Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321)
21   ("PLRA") amended 28 U.S.C. § 1915 to provide, inter alia, that all prisoners who file
22   civil actions must pay the full amount of the filing fee, and that any prisoner seeking
23   to file a complaint in a civil action without prepayment of fees must submit a
24   completed Declaration in Support of Request to Proceed In Forma Pauperis. In
25   addition, prisoners must submit a certified copy of their prison trust fund account
26   statement for the 6-month period immediately preceding the filing of his/her
27   complaint, obtained from the appropriate official of the prison at which the prisoner
28   is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner

2

1    submitted his "Petition" for filing, he failed to submit a certified copy of his trust

2    account statement for the last six months.

3         Moreover, as the current action was not submitted on a civil rights complaint

4    form, certain critical information, such as the capacity in which the defendants are

5    named, is lacking.

6         Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

7    States District Courts, IT THEREFORE IS ORDERED that this action be summarily

8    dismissed without prejudice.  The Clerk is directed to send petitioner a blank Central

9    District civil rights complaint form, which petitioner is encouraged to utilize should

10    he desire to pursue this action.

11         LET JUDGMENT BE ENTERED ACCORDINGLY.

13 DATED:      December 20, 2011

                                                  CORMAC J. CARNEY
                                                  UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge

3